# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| SENECA SPECIALTY INSURANCE COMPANY, | § § § |
| *PLAINTIFF*, | § § § |
| v. | § § |
| RANDY E. CHAPPELL, VINTON HOOKAH LOUNGE, LLC D/B/A ANGELS, AARON MICHAEL WARREN, AND, FELICA MANUEL, INDIVIDUALLY AND AS NEXT FRIEND OF NOAH MANUEL AND ON BEHALF OF THE ESTATE OF DAMIEN MANUEL | § § § § § § § § § |
| *DEFENDANTS*. | § § |

CIVIL ACTION NO. 1:20-CV-222

## SENECA SPECIALTY INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Seneca Specialty Insurance Company ("Seneca") brings this Complaint for Declaratory Judgment against Vinton Hookah Lounge, LLC d/b/a Angels, Randy E. Chappell, Aaron Michael Warren, and Felica Manuel, individually and as next friend of Noah Manuel and on behalf of the Estate of Damien Manuel, and would show this Court as follows:

### I.   PARTIES

1.   Plaintiff Seneca Specialty Insurance Company is a Delaware corporation with its principal place of business in Morristown, New Jersey.

2.   Defendant Vinton Hookah Lounge LLC d/b/a Angels ("Angels"), is a Texas limited liability company with its principal place of business located in Jefferson County, Texas.  Angels may be served with summons through its registered agent for service of process, c/o Heather G. Purcell, 3680 Bryan Drive, Beaumont, Texas 77707.

3. Upon information and belief, Defendant Aaron Michael Warren is an individual who resides in Orange County, Texas and can be served with summons at 1811 Crockett Street, Orange, Texas 77630-6525.

4. Upon information and belief, Defendant Randy E. Chappell is an individual who resides in Jefferson County, Texas and can be served with summons at 3680 Bryan Drive, Beaumont, Texas 77707.

5. Upon information and belief, Defendant Felica Manuel is an individual who resides in Orange County, Texas and can be served with summons at 2304 Pacific Street, Orange, Texas 77630.

## II.   JURISDICTION & VENUE

6. The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in the Eastern District of Texas – Beaumont Division pursuant to 28 U.S.C. § 1391(b) because all Defendants are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to this lawsuit occurred within this district.

## III.   FACTUAL BACKGROUND

8. This declaratory judgment action arises from a lawsuit captioned *Felica Manuel, individually and as next friend of Noah Manuel v. Randy E. Chappell, Vinton Hookah Lounge, LLC d/b/a Angels, and Aaron Michael Warren*; Cause No. 199565; In the 60th Judicial District Court, Jefferson County, Texas (the "Underlying Lawsuit").

9. In the Underlying Lawsuit, Felica Manuel, individually and as next friend of Noah Manuel and on behalf of the Estate of Damien Manuel (collectively, " Underlying Plaintiffs") seek

to recover survival and wrongful death damages against Angels, Chappell, and Warren (collectively, "Defendants") arising out of the death of Damian Manuel (the "Decedent").

10. In their Original Petition, the Underlying Plaintiffs specifically alleged that "[u]pon entering Angels, Mr. Manuel was brutally attacked by the bouncer Defendant, Aaron Michael Warren. As a result, thereof, Mr. Manuel was seriously injured sustaining severe brain damages." The Underlying Plaintiffs then alleged that "Defendant, Aaron Michael Warren, committed the following wrongful or tortious conduct during the incident in question: a. Assault; b. Battery."

11. In their Second Amended Petition, the Underlying Plaintiffs allege that on October 1, 2016, the Decedent was out for an evening at Angels in Vinton, Louisiana. As the evening progressed, Decedent was asked to leave and he complied. Shortly after leaving, Decedent realized that he had left his hat inside Angels and returned to retrieve it. He was allowed to reenter at the front door for that purpose. However, as a result of returning to Angels, Decedent sustained serious injuries, which caused brain damage and resulted in the Decedent's death on January 16, 2018. The Underlying Plaintiffs allege that the Decedent's injuries and subsequent death were caused by the Defendants' negligence.

12. The Underlying Plaintiffs allege that Warren was negligent and failed to exercise the usual and customary care that a person in the same or similar circumstance would have exercised.

13. The Underlying Plaintiffs allege that Angels is liable under the theories of vicarious liability and respondeat superior for the negligent acts of its agents, servants and employees, including but not limited to Warren.

14. The Underlying Plaintiffs allege that Chappell was the owner/operator of Angels and is liable under the theories of vicarious liability and respondeat superior for the negligent acts of its agents, servants and employees, including but not limited to Warren.

15. The Underlying Plaintiffs allege that Angels and Chappell are also liable under the legal theories of negligent hiring, negligent training, and negligent supervision, and premises liability.

16. The Underlying Plaintiffs allege that the conduct of Warren, Chappell, and Angels was of such a nature and so egregious so as to constitute gross negligence and therefore entitles them to recover punitive and/or exemplary damages.

17. On behalf of Decedent's son, Noah Manuel, the Underlying Plaintiffs seek damages for past and future loss of society, companionship, and consortium, past and future mental anguish, and past and future pecuniary loss.

18. The Underlying Plaintiffs allege that Felica Manuel is entitled to recover damages for loss of community and consortium, loss of life, pain and suffering, and mental anguish.

19. The Underlying Plaintiffs allege that Decedent is entitled to wrongful death and survival damages for pain and suffering, mental anguish, and physical impairment and disfigurement.

20. Seneca is currently defending Angels, Warren, and Chappell in the Underlying Lawsuit based upon a comparison of the allegations in the Underlying Plaintiffs' Second Amended Petition and the terms and conditions of the Seneca Policy, subject to a full and complete reservation of rights.

## IV.   THE SENECA POLICY

21. Seneca repeats and incorporates by reference Paragraphs 1 through 20, as though set forth fully herein.

22. Seneca issued Policy No. BAG-1048916 (the "Policy"), a commercial general liability policy, to Angels for the policy period of August 17, 2016 to August 17, 2017. The Policy includes a $1,000,000 Each Occurrence Limit, and a $2,000,000 General Aggregate Limit.

23. Seneca has a duty under the applicable insuring agreement to defend and/or indemnify an "insured," which means the Named Insured in the Declarations page and any person who qualifies as an insured under Section II – Who Is An Insured. Section II – Who Is An Insured states in relevant part as follows:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

    \*\*\*

    c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as managers.

    \*\*\*

2. Each of the following is also an insured:

    a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your executive officers", (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

24. The Underlying Plaintiffs allege that Warren is an employee of Angels. Accordingly, Warren qualifies as an insured under the Policy, but only for acts within the scope of his employment by Angels or while performing duties related to the conduct of Angels' business.

25. The Underlying Plaintiffs allege that Chappell is the owner and/or operator of Angels. Upon information and belief, Chappell is the managing member of Angels. Chappell therefore qualifies as an insured under the Policy, but only with respect to his duties as the manager of Angels.

26. The Policy includes an insuring agreement in the Commercial General Liability Coverage Form [CG 00 01 12 07], which states in relevant part as follows:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

   **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

   **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any

"employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

27. The Policy includes the "Assault, Battery Or Assault And Battery Exclusion" [SB004-0609] (the "Assault and Battery Exclusion"), which states as follows in relevant part:

**ASSAULT, BATTERY OR ASSAULT AND BATTERY EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A. SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** and **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions** are amended and the following added:

**Assault, Battery or Assault and Battery**

This insurance does not apply to damages or expenses due to "bodily injury", "property damage" or "personal and advertising injury" arising out of or resulting from:

**(1)** "Assault", "Battery" or "Assault and Battery" committed by any person;

**(2)** The failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by any person;

**(3)** The failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

**(4)** The failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

**(5)** "Assault", "Battery" or "Assault and Battery" arising out of the negligent hiring, supervision, or training of any person;

**(6)** The use of any force to protect persons or property whether or not the "bodily injury" or "property damage" or "personal and advertising injury" was intended from the standpoint of the insured or committed or committee by or at the direction of the insured.

**B. SECTION V – DEFINITIONS is amended and the following is added:**

"Assault" means:

**(a)** an act creating an apprehension in another of immediate harmful or offensive contact, or

**(b)** an attempt to commit a "Battery".

"Battery" means an act which brings about harmful or offensive contact to another or anything connected to another.

"Assault and Battery" means the combination of an "Assault" and a "Battery".

28. The Assault & Battery Exclusion precludes coverage for bodily injuries arising out of or resulting from an assault and/or battery, including but not limited to the failure to prevent an assault and/or battery and any assault and battery arising out of negligent hiring, supervision, or training of any person.

**V.   COMPLAINT FOR DECLARATORY RELIEF**
**(COUNT 1 – DUTY TO INDEMNIFY)**

29. Seneca repeats and incorporates by reference Paragraphs 1 through 28, as though set forth fully herein.

30. Upon information and belief, a justiciable controversy exists between Seneca and Defendants as to whether the alleged claims and damages in the Underlying Lawsuit are covered under the Policy.

31. The Underlying Plaintiffs' Original Petition specifically alleged that "[u]pon entering Angels, Mr. Manuel was brutally attacked by the bouncer Defendant, Aaron Michael Warren. As a result, thereof, Mr. Manuel was seriously injured sustaining severe brain damages." Underlying Plaintiffs then alleged that "Defendant, Aaron Michael Warren, committed the following wrongful or tortious conduct during the incident in question: a. Assault; b. Battery."

32. The Underlying Plaintiffs have amended their petition and no longer allege that Decedent was "brutally attacked," or that "Aaron Michael Warren committed … a. Assault; b. Battery." Instead, Underlying Plaintiffs simply allege that "Mr. Manuel sustained serious injuries," when he went into Angels to retrieve his hat, but fail to describe how the Decedent's injuries occurred.

33. The Assault and Battery Exclusion precludes coverage for Decedent's injuries and ultimate death resulting from the assault and/or battery committed by Warren, or any other person.

34. The Assault and Battery Exclusion precludes coverage for the Underlying Plaintiffs' claimed damages arising out of the assault and battery of the Decedent, including the assault and battery that arose out of Angels and Chappell's alleged negligent hiring, training, and supervision of Warren.

35. Seneca seeks a declaration that it does not have an obligation to indemnify Angels, Chappell, or Warren in the Underlying Lawsuit, because the Underlying Plaintiffs' damages are excluded from coverage pursuant to the Assault & Battery Exclusion.

## VI. COMPLAINT FOR DECLARATORY RELIEF
### (COUNT II – NO DUTY TO DEFEND OR INDEMNIFY IF SENECA PROVES COLLUSIVE FRAUD)

36. Due to the significant disparity between the allegations in the Underlying Plaintiffs' Original Petition and Second Amended Petition, Seneca seeks a declaration that the Court may consider extrinsic evidence regarding whether the Defendants, as insureds, and the Underlying Plaintiffs colluded to make false representations of fact in the Underlying Lawsuit for the purpose of securing defense and coverage under the Seneca Policy where it otherwise would not exist. *Loya Ins. Co. v. Avalos*, No. 18-0837 (Tex. May 1, 2020). If Seneca conclusively proves such collusive fraud, it seeks a declaration that it owes the Defendants no duty to defend or duty to indemnify for the allegations and claims asserted against them in the Underlying Lawsuit. Seneca further seeks a declaration that the Defendants must reimburse Seneca for the attorneys' fees and costs it paid for the defense of the Defendants in the Underlying Lawsuit.

## VII. JURY TRIAL

37. Seneca requests a jury trial on all issues so triable.

## VIII. PRAYER FOR RELIEF

Based upon the foregoing, Plaintiff Seneca Specialty Insurance Company asks for judgment against Vinton Hookah Lounge, LLC d/b/a Angels, Randy E. Chappell, Aaron Michael Warren, and Felica Manuel, individually and as next friend of Noah Manuel and on behalf of the Estate of Damien Manuel, as follows:

1. For a judicial determination declaring that Seneca has no duty to indemnify the Defendants against the claims asserted in the Underlying Lawsuit.

38. If Seneca conclusively proves that the Underlying Plaintiffs and Defendants colluded to make false representations of fact in the Underlying Lawsuit for the purpose of securing defense and coverage under the Seneca Policy where it otherwise would not exist, Seneca

seeks a declaration that it owes the Defendants no duty to defend or duty to indemnify for the allegations and claims asserted against them in the Underlying Lawsuit.

39. If Seneca conclusively proves that the Underlying Plaintiffs and Defendants colluded to make false representations of fact in the Underlying Lawsuit for the purpose of securing defense and coverage under the Seneca Policy where it otherwise would not exist, Seneca seeks a declaration that the Defendants must reimburse Seneca for the attorneys' fees and costs it paid for the defense of the Defendants in the Underlying Lawsuit.

2. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Brian S. Martin* _____
BRIAN S. MARTIN
Texas State Bar No. 13055350
CHRISTINA A. CULVER
Texas State Bar No. 24078388
SHELBY JEFFCOAT
Texas State Bar No. 24106140
One Riverway, Suite 1400
Houston, Texas   77056
(713) 403-8282 Telephone
(713) 403-8299 Telecopier
Email: bmartin@thompsoncoe.com
Email: cculver@thompsoncoe.com
Email: sjeffcoat@thompsoncoe.com

**ATTORNEYS FOR PLAINTIFF SENECA SPECIALTY INSURANCE COMPANY**