IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **SENECA SPECIALTY INSURANCE COMPANY,** § § | |
| *Plaintiff,* § | |
| v. § | |
| § | **CIVIL ACTION NO. 1:20-CV-222** |
| **RANDY E. CHAPPELL, VINTON HOOKAH LOUNGE, LLC D/B/A ANGELS, AARON MICHAEL WARREN, AND FELICA MANUEL INDIVIDUALLY AND AS NEXT FRIEND OF NOAH MANUEL AND ON BEHALF OF THE ESTATE OF DAMIEN MANUEL,** § § § § § § § § § | |
| *Defendants.* § | |

**DEFENDANT FELICA MANUEL INDIVIDUALLY, AS NEXT FRIEND OF NOAH MANUEL AND ON BEHALF OF THE ESTATE OF DAMIEN MANUEL'S 12(B)(1) MOTION TO DISMISS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**TO THE HONORABLE JUDGE MARCIA A. CRONE:**

COMES NOW, **FELICA MANUEL**, Individually and as next friend of Noah Manuel and on behalf of the Estate of Damien Manuel, (hereinafter, "Manuel") and files this *12(b)(1) Motion to Dismiss pursuant For Lack of Subject Matter Jurisdiction*, and in support thereof, would respectfully show the Court as follows:

**I.
INTRODUCTION**

1.    Manuel filed suit to recover survival and wrongful death damages against Vinton Hookah Lounge, LLC d/b/a Angels, Randy E. Chappell, and Aaron Michael Warren (hereinafter, the

1

"Underlying Defendants") in Cause No. 199565 in the 60th Judicial District of Jefferson County, Texas.

2.  Seneca filed its Complaint for Declaratory Judgment [Dkt. 1] seeking a judicial declaration of the following: (1) it did not owe the Underlying Defendants the duty to indemnify based on a policy exclusion [Count I]; and (2) it did not owe the Underlying Defendants a duty to defend or indemnify based on the recently established collusive fraud exception to the eight-corners rule [Count II]. [1] Seneca subsequently amended its Complaint to only include Count I. Accordingly, the issue before the Court is Seneca's duty to indemnify [Count I].

3.  **Summary of Argument:** Seneca asks this Court to declare it has no duty to indemnify its insured in an underlying matter which has not yet been resolved. The underlying litigation has not yet been completed. Seneca's duty-to-indemnify question is unripe and nonjusticiable and dismissal is appropriate pursuant to FED. R. CIV. P. 12(b)(1).

## II.
## LEGAL STANDARD

Where a court lacks the statutory power to adjudicate a case, it must dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *see Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Where dismissal is sought for lack of subject matter jurisdiction, the proper procedure is a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1). *Cupit v. United States*, 964 F. Supp. 1104, 1107 (E.D. La. 1997) (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1156-57 (5th Cir. Unit B March 1981).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Vinings Ins. Co. v. Byrdson Servs.,* No. 1:14-CV-525, 2016 U.S. Dist. LEXIS 191946,

---

[1] Dkt. 1 at ¶ 35 and 36.

at *6-7 (E.D. Tex. 2016). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id. see also Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (1998) (the party seeking to invoke the jurisdiction of a federal court carries the burden of demonstrating that jurisdiction is proper).

## III.
## ARGUMENTS AND AUTHORITIES

### A. AUTHORITIES

1. <u>CASE & CONTROVERSY REQUIREMENT</u>

Federal courts are courts of limited jurisdiction may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 371, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *In re Bissonnet Invs. L.L.C.*, 320 F.3d 520, 525 (5th Cir. 2003). Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." *RSL-3B-1L, Ltd. v. Symetra Life Ins. Co.,* No. H-12-2708, 2016 U.S. Dist. LEXIS 32585, 2016 WL 1019509, at *2 (S.D. Tex. Feb. 22, 2016), adopted by 2016 U.S. Dist. LEXIS 32243, 2016 WL 1064628 (S.D. Tex. March 14, 2016).

"Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Sample v. Morrison,* 406 F.3d 310, 311 (5th Cir. 2005) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003)). "Because ripeness is a component of subject matter

jurisdiction, a court does not have the power to decide claims that are not yet ripe." *Avalon Residential Care Homes, Inc. v. City of Dall.*, No. 3:11-cv-1239-D, 2011 WL 4359940, at *5 (N.D. Tex. Sept. 19, 2011) (citing *Sample*, 406 F.3d at 312). Notably, "[t]he case or controversy requirement of Article III of the United States Constitution is identical to the actual controversy requirement under the Declaratory Judgment Act." *Ironshore*, at 163. *Quoting Texas v. W. Publ'g Co.,* 882 F.2d 171, 175 (5th Cir.1989).

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). It is an enabling act which confers discretion on the courts rather than an absolute right on a litigant. *Vinings Ins. Co. v. Byrdson Servs.*, No. 1:14-CV-525, 2016 U.S. Dist. LEXIS 191946, at *8 citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995).

Accordingly, a district court considering a declaratory judgment action "must engage in a three-step inquiry to determine: (1) whether the declaratory judgment action is justiciable; (2) whether the court has the authority to grant the declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Ironshore Specialty Ins. Co. v. Tractor Supply Co.,* 624 F. App'x 159, 162 (5th Cir. 2015) citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

The first step of the *Orix* inquiry, justiciability, "[t]ypically ... becomes a question of whether an 'actual controversy' exists between the parties to the action." *Ironshore*, 624 F. App'x at 163. quoting *Orix*, 212 F.3d at 895. Stated differently, a declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists. *AIG Prop. Cas. Co. v. Schultz*, No. H-20-

3213, 2021 U.S. Dist. LEXIS 9844, at *3 (S.D. Tex. 2021) (citing *Orix,* 212 F.3d at 896 (quoting 28 U.S.C. § 2201(a)).

"Whether an actual controversy exists must be determined on a case-by-case basis, but, as a general rule, one exists where a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *TOTAL Gas & Power North America, Inc. v. Federal Energy Regulatory Commission*, 859 F.3d 325, 333 (5th Cir. 2017) (internal quotations, citations, and alterations omitted). "A controversy, to be justiciable, must be such that it can presently be litigated and decided. and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Brown & Root, Inc. v. Big Rock Corp.,* 383 F.2d 662, 665 (5th Cir. 1967).

    2. THE INSURER'S DUTIES

By issuing a liability insurance policy, an insurer generally assumes both the duty to indemnify the insured, that is, to pay all covered claims and judgments against an insured, and the duty to defend any lawsuit brought against the insured that alleges and seeks damages for an event potentially covered by the policy, even if groundless, false or fraudulent, subject to the terms of the policy. *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co*., 300 S.W.3d 740, 743 (Tex. 2009). The duty to indemnify is separate from the duty to defend, and "the existence of one does not necessarily depend on the existence or proof of the other." *Nat'l Liab. & Fire Ins. Co. v. Young*, 459 F. Supp. 3d 796, 802 (N.D. Tex. 2020) citing *D.R. Horton-Texas, Ltd.,* 300 S.W.3d at 745.

    a. **Duty to Defend**

When an insured is sued, the insurer's duty to defend is determined solely by the facts alleged in the petition and the terms of the policy. *AIG Prop. Cas. Co. v. Schultz*, No. H-20-3213, 2021 U.S. Dist. LEXIS 9844, at *7-8 (S.D. Tex. 2021) citing *Peachtree*, 647 F.3d at 253 (citing

5

*Pine Oak Builders, Inc. v. Great American Lloyds Insurance Co.*, 279 S.W.3d 650, 654 (Tex. 2009)). This is the "eight corners" rule. *Id*. "[T]he duty to defend does not rely on the truth or falsity of the underlying allegations; an insurer is obligated to defend the insured if the facts alleged in the petition, taken as true, *potentially* assert a claim for coverage under the insurance policy." *Id*. (emphasis in original) (citing *GuideOne Elite Insurance Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006)). "Because the only two documents relevant to the duty-to-defend inquiry are the insurance policy and the petition, an insurer's duty to defend can be determined at the moment the petition is filed." *Id*.

### b. Duty to Indemnify

Unlike the duty to defend, which turns on the pleadings, the duty to indemnify is triggered by the **actual facts establishing liability in the underlying suit**, and whether any damages caused by the insured and later **proven at trial** are covered by the terms of the policy. *Id*. (citing *Trinity Universal Insurance Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997) (emphasis added); *see also D.R. Horton-Texas,* 300 S.W.3d at 744). Accordingly, an insurer's duty to indemnify generally "cannot be ascertained until the completion of litigation, when liability is established, if at all." *Id*. (citing *Griffin*, 955 S.W.2d at 84).

Texas recognizes an exception to this general rule. *Griffin*, 955 S.W.2d at 84. "[T]he duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Id*. The *Griffin* exception is "fact specific" and should not be construed broadly. *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co*., 300 S.W.3d 740, 744 (Tex. 2009).

6

It applies if "under the facts pled by the plaintiff it would have been impossible for the insured defendant to show by extrinsic evidence that the loss fell under the terms of the policy." *Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co.*, 334 S.W.3d 217, 220 (Tex. 2011) (recognizing that the Griffin exception was established due to the impossibility of using extrinsic evidence to transform an intentional tort of a drive-by-shooting into a car accident that could be covered under the insurance policy); *D.R. Horton*, 300 S.W.3d at 745 (same).

Thus, the *Griffin* exception applies if (1) the insurer has no duty to defend, and (2) the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify. *See Griffin*, 955 S.W.2d at 84; *Burlington N. & Santa Fe Ry. Co.*, 334 S.W.3d at 219-220; *D.R. Horton*, 300 S.W.3d at 745.

**B. ARGUMENT**

  1. <u>Dismissal is Appropriate Pursuant to Fed. R. Civ. P. 12(b)(1) Because There is No Justiciable Controversy which Deprives this Honorable Court of its Subject Matter Jurisdiction.</u>

The sole issue before this Court is whether Seneca owes a duty to indemnify the Underlying Defendants. While analysis of the duty to defend has been strictly circumscribed by the eight-corners doctrine, it is well settled the "facts actually established in the underlying suit control the duty to indemnify." *D.R. Horton-Texas, Ltd.,* 300 S.W.3d at 744.

The controversy here is admittedly hypothetical. Seneca claims it "owes no duty to indemnify the Underlying Defendants for damages they **may** be legally obligated to pay in the Underlying Lawsuit" based on a policy exclusion.[2] The Texas Supreme Court generally holds "there [is] no justiciable controversy regarding the insurer's duty to indemnify before a judgment has been rendered against an insured." *AIG Prop. Cas. Co. v. Schultz*, No. H-20-3213, 2021 U.S.

---

[2] Dkt. 31 at p. 6.

7

Dist. LEXIS 9844, at *5-6 (S.D. Tex. 2021) citing *Farmers Texas County Mutual Insurance Co. v. Griffin*, 955 S.W.2d 81, 83 (Tex. 1997) (citing *Firemen's Insurance Co. v. Burch*, 442 S.W.2d 331 (Tex. 1968)); *see also LCS Corrections Services, Inc. v. Lexington Insurance Co.*, 800 F.3d 664, 668 (5th Cir. 2015) ("[W]e, generally evaluate the insurer's duty to indemnify after the parties have developed the actual facts that establish liability in the underlying lawsuit.").

There has been no judgment entered nor settlement reached in the Underlying Lawsuit. No jury has heard evidence and returned a verdict on the same. Simply, Seneca filed its declaratory action prior to any determination of liability in the Texas state court.[3]

> **REQUEST FOR ADMISSION NO. 4:**
> Admit the fact finder in the Underlying Lawsuit has not yet determined whether the subject incident was caused by the negligence of the Underlying Defendants.
>
> **ANSWER:**
> Admit.

Seneca asks this Court to declare it has no duty to indemnify its insured in an underlying matter which has not yet been resolved. Such a request is premature and contrary to well established precedent. Even Seneca recognizes its duty to indemnify is dependent on factual findings and factual development in the Underlying Lawsuit that have not and may not develop.[4]

> **INTERROGATORY NO. 8:**
> If you contend you do not owe the Underlying Defendants any duty to defend or indemnify for the allegations and claims asserted in the Underlying lawsuit, describe with particularity all facts supporting the contention.
>
> **OBJECTION:**
> Seneca objects to this Interrogatory because the Underlying Lawsuit is still ongoing. Seneca further objects to this Interrogatory because discovery in this matter is still ongoing.

---

[3] *See* Seneca's Discovery Responses attached hereto as **Exhibit A.**
[4] *Id.*

> **REQUEST FOR PRODUCTION NO. 5:**
> Produce all materials supporting the contention that you do not owe the Underlying Defendants any duty to defend or indemnify for the allegations and claims asserted in the Underlying lawsuit.
>
> **RESPONSE:**
> See the Petitions filed by Felicia Manuel in the Underlying Lawsuit (SENECA 000001-000060) and the policy Seneca issued to Vinton. Seneca is presently defending Vinton in the Underlying Lawsuit based upon a comparison of the allegations in the (include title of petition) and the terms and conditions of the Seneca policy. Since no judgment has been entered against Seneca's insureds, a determination of Seneca's duty to indemnify is not yet ripe. However, Seneca asserts that it does not have a duty to indemnify its insureds in the Underlying Lawsuit based upon the Assault & Battery Exclusion in its policy.

Texas courts generally find such cases are not ripe until the Texas state court's determination of liability. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536-37 (5th Cir. 2004). In *Northfield*, the district court was tasked with determining the insurer's defense and indemnity obligations, the underlying litigation was still pending. 363 F.3d at 537 (applying Texas law). The Fifth Circuit affirmed the district court's decision, holding that the insurer had a duty to defend the insured in the underlying suit, but that, because the underlying litigation had not yet been completed, the duty-to-indemnify question was unripe and nonjusticiable. *Id*.

Since *Northfield*, the Fifth Circuit has consistently reaffirmed the validity of that general rule. *See Martco*, 588 F.3d at 872 (stating that factual development regarding liability is necessary before the duty to indemnify can be decided and holding that the insurer had a duty to defend and indemnify, but the duty-to-indemnify claim was only ripe because the underlying litigation had already been completed) (applying Louisiana law); *see also Columbia Cas. Co.*, 542 F.3d at 111 (stating that generally, the duty to indemnify question is not ripe until after resolution of the underlying suit and finding that the indemnity question was ripe, but solely because the insurance policy did not impose a duty to defend, causing a narrow exception to apply); *see also Coregis*, 2008 U.S. App. LEXIS 12188, 2008 WL 2325632, at *2 (stating that under both Texas and Louisiana law, "the indemnity issue is nonjusticiable pending resolution of the liability suit").

9

Texas law is clear: "there [is] no justiciable controversy regarding the insurer's duty to indemnify **before** a judgment has been rendered against an insured." *Griffin*, 955 S.W.2d at 83(emphasis added). While Courts do recognize an exception to this general rule, it is inapplicable here. In *Griffin*, the Texas Supreme Court held the duty to indemnify is justiciable *before* the insured's liability is determined in the liability lawsuit when: (1) the insurer has no duty to defend; and (2) the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify. 955 S.W.2d at 84 (emphasis added).

Seneca **tried** to litigate its duty to defend in the present action. Initially, Seneca sought a declaration that it has no duty to defend or indemnify because the Underlying Defendants, and the Underlying Plaintiffs fraudulently colluded to make false representations for the purpose of securing defense coverage.[5] Since an insurer's duty to defend is determined solely by the facts alleged in the petition and the terms of the policy, Seneca tried to invoke a recently adopted exception to the eight-corners rule. The *Loya* exception provides that a court *may* consider extrinsic evidence regarding whether the insured and a third party suing the insured colluded to make false representations of fact in that suit for the purpose of securing a defense and coverage where they would not otherwise exist. *Loya Ins. Co. v. Avalos*, No. 18-0837, 63 Tex. Sup. Ct. J. 969, 2020 Tex. LEXIS 373 (May 1, 2020). In *Loya*, the court held that if the insurer conclusively proves such collusive fraud, it owes no duty to defend.[6] After discovery, Seneca withdrew Count II invoking *Loya*.[7]

Without *Loya*, Seneca's duty to defend must be evaluated under the default eight-corners rule. Even Seneca agrees the Policy and pleadings in the underlying action trigger its duty to

---

[5] Dkt. 1 at ¶ 36.
[6] *Id.*
[7] Dkt. 28 at p. 1.

10

defend.[8] Seneca failed to show it has no duty to defend under the eight-corners rule or *Loya*. Thus, the first prong of the *Griffin* exception is not satisfied. Consequently, Seneca cannot offer any reasons, much less "the same" reasons negating the duty to defend that "likewise negate any possibility the insurer will ever have a duty to indemnify." *See Griffin*, 955 S.W.2d at 84.

With no specific facts to negate Seneca's duty to defend, the duty-to-indemnify question is non-justiciable. *Northfield,* 363 F.3d at 529. Seneca's request for a declaration on its duty to indemnify is premature, nonjusticiable and consequently, deprives this Honorable Court of its subject matter jurisdiction. Accordingly, Manuel respectfully requests this Court dismiss Seneca's declaratory judgment action in its entirety.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court Grant *Defendant Felica Manuel Individually, as next friend of Noah Manuel and on behalf of the Estate of Damien Manuel's Motion to Dismiss Plaintiff's Original Complaint for Declaratory Judgment* pursuant to FED. R. CIV. P. 12(b)(1) and for all other and further relief, in law or equity, to which she is just entitled.

Respectfully submitted,

**THE FERGUSON LAW FIRM, LLP**

By: /s/ Paul "Chip" Ferguson
Paul "Chip" Ferguson
State Bar No. 06919200
350 Pine Street, Ste. 1440
Beaumont, Texas 77701
T. (409) 832-9700 │ F. (409) 832-9708
cferguson@thefergusonlawfirm.com

**ATTORNEY FOR DEFENDANT**

---

[8] Dkt. 29 at ¶ 20. [Seneca agreed to defend the Underlying Defendants in the Underlying Lawsuit under a reservation of rights.]

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing instrument has been furnished to all counsel on the 8th day of October, 2021 by electronic service, in accordance with Local Rules, CM/ECF, and the Federal Rules of Civil Procedure.

        By: _____
           Paul 'Chip' Ferguson