# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| **SENECA SPECIALTY INSURANCE COMPANY,** | § § § | |
| *PLAINTIFF*, | § § § | |
| v. | § § | |
| **RANDY E. CHAPPELL, VINTON HOOKAH LOUNGE, LLC D/B/A ANGELS, AARON MICHAEL WARREN, AND, FELICIA MANUEL, INDIVIDUALLY AND AS NEXT FRIEND OF NOAH MANUEL AND ON BEHALF OF THE ESTATE OF DAMIEN MANUEL** | § § § § § § § § § | **CIVIL ACTION NO. 1:20-cv-222** |
| *DEFENDANTS*. | § § | |

## PLAINTIFF SENECA SPECIALTY INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO DEFENDANT FELICIA MANUEL'S FIRST SET OF INTERROGATORIES

*To:* Defendant Felica Manuel, Individually And As Next Friend Of Noah Manuel And On Behalf Of The Estate Of Damien Manuel, by and through their attorney of record, Paul F. "Chip" Ferguson, Jr., THE FERGUSON LAW FIRM, 350 Pine Street, Suite 1440, Beaumont, Texas 77701.

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Seneca Specialty Insurance Company ("Seneca") serves its Objections and Responses to Defendant Felica Manuel's First Set of Interrogatories, which were received by counsel for Seneca on June 25, 2021.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Christina A. Culver*
BRIAN S. MARTIN
Texas State Bar No. 13055350
Email: bmartin@thompsoncoe.com
CHRISTINA A. CULVER

1

        Texas State Bar No. 24078388
        Email: cculver@thompsoncoe.com
        One Riverway, Suite 1400
        Houston, Texas  77056
        (713) 403-8282 Telephone
        (713) 403-8299 Telecopier

**ATTORNEYS FOR PLAINTIFF SENECA SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 21st day of July, 2021, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

        */s/ Christina A. Culver*
        Christina A. Culver

## OBJECTIONS AND RESPONSES TO DEFENDANT FELICA MANUEL'S
## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Please identify each person (i) answering these interrogatories, (ii) supplying information, or (iii) assisting in any way with the preparation of the answers to these interrogatories, by providing their full name and role in preparing same.

**ANSWER:**
Seneca's counsel of record in this case and Renee VanderHagen, who has been assigned to handle this matter on behalf of Seneca.

> Renee VanderHagen
> Director & Coverage Counsel
> Crum & Forster
> c/o Brian S. Martin and Christina A. Culver
> Thompson, Coe, Cousins, & Irons, L.L.P.
> One Riverway, Suite 1400
> Houston, Texas  77056
> Telephone:  (713) 403-8212

**INTERROGATORY NO. 2:**
Identify every person with knowledge of any matter that is discoverable under FED. R. CIV. P. 26(b) and summarize each person's knowledge and opinions.

**OBJECTION:**
Seneca objects to this Interrogatory to the extent it violates the attorney-client privilege and work product doctrine.

**ANSWER:**
Subject to and without waiving the foregoing objections, the persons with knowledge of the claims and defenses in this case are the respective parties to this case.

**INTERROGATORY NO. 3:**
Identify all persons or entities that have possession, custody or control of materials that are discoverable under Fed. R. Civ. P. 26(b), the materials over which they have possession, custody or control, and the location of those materials.

**OBJECTION:**
Seneca objects to this Interrogatory to the extent it violates the attorney-client privilege and work product doctrine.

**ANSWER:**
Subject to and without waiving the foregoing objections, the parties to this case are in possession, custody or control of materials that are discoverable under Fed. R. Civ. P. 26(b).

**INTERROGATORY NO. 4:**
Identify any statements that have been made by, or taken from, any party, witness, or person(s) acting on their behalf, concerning the subject incident. For each statement made, please provide the following:

   a. The person who gave the statement;
   b. Specify the date the statement was given;
   c. Identify the person who took or transcribed the statement; and
   d. State whether the statement was recorded, regardless of medium, and if so, please identify the material.

**OBJECTION:**
Seneca objects to this Interrogatory because it is not proportional to the needs of this case as it seeks information irrelevant to the claims and defenses of the parties. Seneca further objects to this Interrogatory to the extent it violates the attorney-client privilege and work product doctrine.

**ANSWER:**
Subject to and without waiving the foregoing objections, none.

**INTERROGATORY NO. 5:**
Identify any steps taken to preserve materials that are discoverable under Rule 26(b), including any alterations to routine operations of an electronic information system, and do the following:

   a. Identify whether you utilize a litigation-hold policy or other similar procedure generally;
   b. Identify whether a specific litigation-hold policy or other similar suspension order was created in response to the subject incident;
   c. Identify the person(s) who created the litigation-hold policy;
   d. Specify the date the litigation-hold policy was created;
   e. State whether the litigation-hold policy was recorded, regardless of medium, and if so, identify the material;
   f. Identify the person(s) who received the litigation-hold policy;
   g. Specify the date when such person(s) received the litigation-hold policy; and
   h. Identify the date on which you reasonably anticipated litigation would ensue.

**OBJECTION:**
Seneca objects to this Interrogatory because the meaning of "litigation-hold-policy" is unclear and it is undefined. Seneca further objects to this interrogatory because it is not proportional to the needs of this case.

**INTERROGATORY NO. 6:**
If you contend the Underlying Defendants colluded to make false representations of fact in order to secure a defense and coverage in the Underlying Lawsuit, describe with particularity all facts supporting the contention.

**OBJECTION:**
Seneca objects to this Interrogatory because the Underlying Lawsuit is still ongoing. Seneca further objects to this Interrogatory because discovery in this matter is still ongoing.

**RESPONSE:**
Subject to and without waiving the foregoing objections, see the multiple petitions filed in the Underlying Lawsuit.

**INTERROGATORY NO. 7:**
If you contend the Underlying Plaintiffs colluded to make false representations of fact in order to secure a defense and coverage in the Underlying Lawsuit, describe with particularity all facts supporting the contention.

**OBJECTION:**
Seneca objects to this Interrogatory because the Underlying Lawsuit is still ongoing. Seneca further objects to this Interrogatory because discovery in this matter is still ongoing.

**RESPONSE:**
Subject to and without waiving the foregoing objections, see the multiple petitions filed in the Underlying Lawsuit.

**INTERROGATORY NO. 8:**
If you contend you do not owe the Underlying Defendants any duty to defend or indemnify for the allegations and claims asserted in the Underlying lawsuit, describe with particularity all facts supporting the contention.

**OBJECTION:**
Seneca objects to this Interrogatory because the Underlying Lawsuit is still ongoing. Seneca further objects to this Interrogatory because discovery in this matter is still ongoing.

**RESPONSE:**
Subject to and without waiving the foregoing objections, see the multiple petitions filed in the Underlying Lawsuit. Upon information and belief, on February 6, 2017, the Manuels filed their Original Petition, and expressly alleged that Damien's injuries were caused by Warren "brutally attacking" Damien. The Manuels stated causes of action against Warren for assault and battery. In subsequent petitions, the Manuels allege that while still on Angels' premises, Damien sustained serious injuries, which led to severe brain damage. The Manuels allege that, because of those injuries, Damien died on January 16, 2018. Criminal records show that Aaron Michael Warren was charged with second degree battery. The Policy includes an Assault, Battery Or Assault And Battery Exclusion, which bars coverage for any and all claims arising out of an assault and battery, regardless of the cause.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SENECA SPECIALTY INSURANCE COMPANY, | § § § § § | |
| *PLAINTIFF*, | § § | |
| v. | § § | |
| RANDY E. CHAPPELL, VINTON HOOKAH LOUNGE, LLC D/B/A ANGELS, AARON MICHAEL WARREN, AND, FELICIA MANUEL, INDIVIDUALLY AND AS NEXT FRIEND OF NOAH MANUEL AND ON BEHALF OF THE ESTATE OF DAMIEN MANUEL | § § § § § § § § § | CIVIL ACTION NO. 1:20-cv-222 |
| *DEFENDANTS*. | § | |

**PLAINTIFF SENECA SPECIALTY INSURANCE COMPANY'S
OBJECTIONS AND RESPONSES TO DEFENDANT FELICIA MANUEL'S
FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION,
AND REQUEST FOR ADMISSIONS**

To:   *Defendant Felica Manuel, Individually And As Next Friend Of Noah Manuel And On Behalf Of The Estate Of Damien Manuel, by and through their attorney of record, Paul F. "Chip" Ferguson, Jr., THE FERGUSON LAW FIRM, 350 Pine Street, Suite 1440, Beaumont, Texas 77701.*

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Seneca Specialty Insurance Company serves its Objections and Responses to Defendant Felica Manuel's First Set of Interrogatories, First Requests for Production, and Requests for Admission.

[Signature on Next Page]

1

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Christina A. Culver*
 BRIAN S. MARTIN
 Texas State Bar No. 13055350
 Email: bmartin@thompsoncoe.com
 CHRISTINA A. CULVER
 Texas State Bar No. 24078388
 Email: cculver@thompsoncoe.com
 One Riverway, Suite 1400
 Houston, Texas   77056
 (713) 403-8282 Telephone
 (713) 403-8299 Telecopier

 **ATTORNEYS FOR PLAINTIFF SENECA SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 29th day of June, 2021, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure.

  */s/ Christina A. Culver*
 Christina A. Culver

## OBJECTIONS AND RESPONSES TO DEFENDANT FELICA MANUEL'S
## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**
Please identify each person (i) answering these interrogatories, (ii) supplying information, or (iii) assisting in any way with the preparation of the answers to these interrogatories, by providing their full name and role in preparing same.

**ANSWER:**
Seneca's counsel of record in this case and Renee VanderHagen, who has been assigned to handle this matter on behalf of Seneca.

Renee VanderHagen
Director & Coverage Counsel
Crum & Forster
c/o Brian S. Martin and Christina A. Culver
Thompson, Coe, Cousins, & Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas  77056
Telephone:  (713) 403-8212

**INTERROGATORY NO. 2:**
If Defendant has not been sued in its correct name, state the correct name.

**ANSWER:**
Upon information and belief, Seneca has sued each defendant correctly.

**INTERROGATORY NO. 3:**
Identify every potential party to this lawsuit.

**ANSWER:**
Upon information and belief, Seneca has identified every potential party.

**INTERROGATORY NO. 4:**
Identify every person with knowledge of any matter that is discoverable under Fed. R. Civ. P. 26(b) and summarize each person's knowledge and opinions.

**OBJECTION:**
Seneca objects to this Interrogatory to the extent it violates the attorney-client privilege and work product doctrine.

**ANSWER:**
Subject to and without waiving the foregoing objections, the persons with knowledge of the claims and defenses in this case are the respective parties to this case.

**INTERROGATORY NO. 5:**
Identify all persons or entities that have possession, custody or control of materials that are discoverable under Fed. R. Civ. P. 26(b), the materials over which they have possession, custody or control, and the location of those materials.

**OBJECTION:**
Seneca objects to this Interrogatory to the extent it violates the attorney-client privilege and work product doctrine.

**ANSWER:**
Subject to and without waiving the foregoing objections, the parties to this case are in possession, custody or control of materials that are discoverable under Fed. R. Civ. P. 26(b).

**INTERROGATORY NO. 6:**
Please describe Laday's employment status at the time of the crash, including the following information:

   a. Name and address of her employer;
   b. Position held;
   c. Date of hire;
   d. Date of termination, if applicable;
   e. Reason for termination, if applicable;
   f. Whether she was acting in the course and scope of such employment at the time of the subject incident; and
   g. Whether any disciplinary action was taken against Laday in response to the subject incident, identifying the type of disciplinary action taken and date the action was taken.

**OBJECTION:**
Seneca objects to this Interrogatory because it is not proportional to the needs of this case as it seeks information irrelevant to the claims and defenses of the parties.

**ANSWER:**
Subject to and without waiving the foregoing objections, Seneca is unaware of who "Laday" is.

**INTERROGATORY NO. 7:**
Identify any statements that have been made by, or taken from, any party, witness, or person(s) acting on their behalf, concerning the subject incident. For each statement made, please provide the following:

   a. The person who gave the statement;
   b. Specify the date the statement was given;
   c. Identify the person who took or transcribed the statement; and
   d. State whether the statement was recorded, regardless of medium, and if so, please identify the material.

**OBJECTION:**
Seneca objects to this Interrogatory because it is not proportional to the needs of this case as it seeks information irrelevant to the claims and defenses of the parties.

**ANSWER:**
Subject to and without waiving the foregoing objections, none with respect to this lawsuit.

**INTERROGATORY NO. 8:**
Identify any steps taken to preserve materials that are discoverable under Rule 26(b), including any alterations to routine operations of an electronic information system, and do the following:

a. Identify whether you utilize a litigation-hold policy or other similar procedure generally;
b. Identify whether a specific litigation-hold policy or other similar suspension order was created in response to the subject incident;
c. Identify the person(s) who created the litigation-hold policy;
d. Specify the date the litigation-hold policy was created;
e. State whether the litigation-hold policy was recorded, regardless of medium, and if so, identify the material;
f. Identify the person (s) who received the litigation-hold policy;
g. Specify the date when such person(s) received the litigation-hold policy; and
h. Identify the date on which you reasonably anticipated litigation would ensue.

**OBJECTION:**
Seneca objects to this Interrogatory because the meaning of "litigation-hold policy" is unclear and it is undefined. Seneca further objects to this Interrogatory because it is not proportional to the needs of this case.

**INTERROGATORY NO. 9:**
If you contend that Plaintiff did not timely present her claim to USPS, describe with particularity all facts supporting this contention.

**OBJECTION:**
Seneca objects to this Interrogatory because it is not proportional to the needs of this case as it seeks information irrelevant to the claims and defenses of the parties.

**INTERROGATORY NO. 10:**
If you contend that final denial by the proper federal agency did not occur before the filing of this suit, describe with particularity all facts supporting the contention.

**OBJECTION:**
Seneca objects to this Interrogatory because it is not proportional to the needs of this case as it seeks information irrelevant to the claims and defenses of the parties.

**INTERROGATORY NO. 11:**
If you contend that recovery of Plaintiffs claim is barred because Plaintiff did not meet the jurisdictional requirements of the Federal Tort Claims Act or an exception to the Federal Tort Claims Act applies, identify the provisions and describe with particularity all facts supporting the contention(s).

**OBJECTION:**
Seneca objects to this Interrogatory because it is not proportional to the needs of this case as it seeks information irrelevant to the claims and defenses of the parties.

**INTERROGATORY NO. 12:**
If you contend the United States is immune from liability, describe with particularity all facts supporting the contention.

**OBJECTION:**
Seneca objects to this Interrogatory because it is not proportional to the needs of this case as it seeks information irrelevant to the claims and defenses of the parties.

**INTERROGATORY NO. 13**:
If you contend that Laday exercised reasonable care at all times with respect to the subject incident and the injury alleged in Plaintiff's complaint, describe with particularity all facts supporting the contention.

**OBJECTION:**
Seneca objects to this Interrogatory because it is not proportional to the needs of this case as it seeks information irrelevant to the claims and defenses of the parties.

**INTERROGATORY NO. 14:**
If you contend any other person(s), including Plaintiff, caused or contributed to the subject incident, identify the person(s) and describe with particularity all facts supporting such contention.

**OBJECTION:**
Seneca objects to this Interrogatory because it is not proportional to the needs of this case as it seeks information irrelevant to the claims and defenses of the parties.

**INTERROGATORY NO. 15:**
If USPS has required Laday to take any training since the subject incident, describe the type of training, its purpose, and provide the date the training was provided.

**OBJECTION:**
Seneca objects to this Interrogatory because it is not proportional to the needs of this case as it seeks information irrelevant to the claims and defenses of the parties.

9410777v1
05061.206

## OBJECTIONS AND RESPONSES TO DEFENDANT FELICA MANUEL'S
## FIRST REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
Produce all documents and materials reflecting any representations the Underlying Plaintiffs made regarding or concerning the subject incident or underlying lawsuit.

**RESPONSE:**
See the Petitions filed by Felicia Manuel in the lawsuit styled *Felicia Manuel, individually and as next friend of Damian Manuel and Noah Manuel v. Randy E. Chappell, Vinton Hookah Lounge, LLC d/b/a Angels, and Aaron Michael Warren*; Cause No. 199,565; In the 60th Judicial District Court, Jefferson County, Texas (the "Underlying Lawsuit") (SENECA 000001-000060).

**REQUEST FOR PRODUCTION NO. 2:**
Produce all documents and materials reflecting any representations the Underlying Defendants made regarding or concerning the subject incident or underlying lawsuit.

**RESPONSE:**
See the Petitions filed by Felicia Manuel in the Underlying Lawsuit (SENECA 000001-000060). Seneca will supplement its Response to this Request as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 3:**
Produce all materials supporting the contention that the Underlying Plaintiffs colluded to make false representations of fact in order to secure a defense and coverage in the Underlying Lawsuit.

**RESPONSE:**
See the Petitions filed by Felicia Manuel in the Underlying Lawsuit (SENECA 000001-000060). Seneca will supplement its Response to this Request as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 4:**
Produce all materials supporting the contention that the Underlying Defendants colluded to make false representations of fact in order to secure a defense and coverage in the Underlying Lawsuit.

**RESPONSE:**
See the Petitions filed by Felicia Manuel in the Underlying Lawsuit (SENECA 000001-000060). Seneca will supplement its Response to this Request as discovery is ongoing.

**REQUEST FOR PRODUCTION NO. 5:**
Produce all materials supporting the contention that you do not owe the Underlying Defendants any duty to defend or indemnify for the allegations and claims asserted in the Underlying lawsuit.

**RESPONSE:**
See the Petitions filed by Felicia Manuel in the Underlying Lawsuit (SENECA 000001-000060) and the policy Seneca issued to Vinton. Seneca is presently defending Vinton in the Underlying Lawsuit based upon a comparison of the allegations in the (include title of petition) and the terms and conditions of the Seneca policy. ==Since no judgment has been entered against Seneca's==

insureds, a determination of Seneca's duty to indemnify is not yet ripe. However, Seneca asserts that it does not have a duty to indemnify its insureds in the Underlying Lawsuit based upon the Assault & Battery Exclusion in its policy.

## OBJECTIONS AND ANSWERS TO DEFENDANT FELICA MANUEL'S REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**
Admit that the allegations contained in the Underlying Plaintiffs' current petition in the Underlying Lawsuit implicate coverage under the Policy.

**ANSWER:**
Deny.

**REQUEST FOR ADMISSION NO. 2:**
Admit that you tendered a defense based on the allegations contained in Underlying Plaintiffs' current petition.

**OBJECTION:**
Seneca objects to this Request because it is unclear what "tendered a defense" means.

**ANSWER:**
Subject to and without waiving the foregoing objection, Seneca denies this Request. Nevertheless, Seneca admits that Vinton tendered the Underlying Lawsuit to Seneca and requested a defense for the allegations against it. Seneca further admits that it is presently defending Vinton, Mr. Chappell and Mr. Warren based upon a comparison of the allegations in Felica Manuel's Second Amended Petition and the terms and conditions of the Seneca policy, subject to a full and complete reservation of rights.

**REQUEST FOR ADMISSION NO. 3:**
Admit you have not tendered the full amount due under the Policy.

**ANSWER:**
Admit.

**REQUEST FOR ADMISSION NO. 4:**
Admit the fact finder in the Underlying Lawsuit has not yet determined whether the subject incident was caused by the negligence of the Underlying Defendants.

**ANSWER:**
Admit.

9410777v1
05061.206

**REQUEST FOR ADMISSION NO. 5:**
Admit you have no evidence that Underlying Defendants colluded with the Underlying Plaintiffs to make false representations of fact in the Underlying Lawsuit for the purpose of securing a defense and coverage.

**ANSWER:**
Deny. Discovery is ongoing.

9410777v1
05061.206