|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

SENECA SPECIALTY INSURANCE COMPANY, §
§
§
       Plaintiff, §
§
*versus* §     CIVIL ACTION NO. 1:20-CV-222
§
RANDY E. CHAPPELL, VINTON HOOKAH LOUNGE, LLC *d/b/a Angels*, AARON MICHAEL WARREN, and FELICIA MANUEL, *individually and as next friend of Noah Manuel and on behalf of the Estate of Damien Manuel*, §
§
§
§
§
§
§
       Defendants. §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Felicia Manuel's ("Manuel") Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (#33). Plaintiff Seneca Specialty Insurance Company ("Seneca") filed a response (#36). Having considered the pending motion, Seneca's response, the record, and the applicable law, the court is of the opinion that the motion should be granted.

I.    Background

This lawsuit involves a state court action (the "Underlying Lawsuit")[1] filed by Manuel, individually and as next fried of Noah Manuel, against Defendants Randy E. Chappell, Vinton Hookah Lounge, LLC d/b/a Angels ("Angels"), and Aaron Michael Warren ("Warren") (collectively, "Underlying Defendants"), in connection with the personal injuries and death of Damien Manuel (the "Decedent"). The Original Petition alleged that the Decedent sustained

---

[1] *Felicia Manuel, Individually and as Next Friend of Noah Manuel v. Randy E. Chappell, Vinton Hookah Lounge, LLC d/b/a Angels, and Aaron Michael Warren*, No. 199565, in the 60th Judicial District Court, Jefferson County, Texas.

serious injuries at Angels as the result of Warren's commission of assault and/or battery.  Angels has a commercial general liability insurance policy issued by Seneca (the "Policy"), which covers Angels and its employees who are acting within the scope of their employment and has exclusions for damages due to bodily injury arising out of assault and/or battery.

Manuel filed the Underlying Lawsuit on February 6, 2017, alleging that the Decedent's injuries were caused by Warren's assault and/or battery.  After Seneca denied Angels a defense under the Policy, Manuel amended the state court petition to omit allegations of assault and/or battery, basing her claims instead on theories of negligence.

On May 22, 2020, Seneca filed suit in this court seeking a declaratory judgment regarding its duties to defend and indemnify the Underlying Defendants in the Underlying Lawsuit.  In its initial complaint (#1), Seneca denied that it had a duty either to defend or indemnify the Underlying Defendants based on the assault and battery exclusion in the Policy.  On August 18, 2020, Seneca amended its complaint (#29), asserting that it is currently defending the Underlying Defendants in the Underlying Lawsuit but that it is doing so subject to a reservation of rights.  Nevertheless, when Seneca amended its complaint, it removed its request for a judicial declaration that it does not owe the Underlying Defendants a duty to defend.  Accordingly, Seneca seeks a judicial declaration on a single issue—whether it owes the Underlying Defendants a duty to indemnify because the alleged damages in the underlying action are not the result of an accidental "occurrence," but rather an assault and/or battery which is excluded under the Policy.

Manuel filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, arguing that the duty to indemnify issue is not ripe, as the Underlying Lawsuit has not been resolved.[2] The court agrees.

## II. Analysis

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the federal district court. *See* FED. R. CIV. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc., v. Jackson*, ___ U.S. ___, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Rasul v. Bush*, 542 U.S. 466, 489 (2004); *Lavery v. Barr*, 943 F.3d 272, 275 (5th Cir. 2019); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.) (citing *Kokkonen*, 511 U.S. at 377), *cert. denied*, 534 U.S. 993 (2001); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019); *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 290 (5th Cir. 2013), *cert. denied*, 571 U.S. 1156 (2014).

---

[2] It bears mentioning that in Seneca's response to a discovery request from Manuel in the Underlying Lawsuit, Seneca admits that "[s]ince no judgment has been entered against Seneca's insureds, a determination of Seneca's duty to indemnify is not yet ripe." While the concession is noteworthy, the court does not rest on it in determining the justiciability of this issue.

B.    Declaratory Judgment

In this instance, Seneca seeks a declaratory judgment that it does not have the duty to indemnify the Underlying Defendants in the Underlying Lawsuit. The Declaratory Judgment Act ("DJA") provides in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). "The purpose of the Declaratory Judgment Act is to settle 'actual controversies' before they ripen into violations of law or breach of some contractual duty." *United Transp. Union v. Foster*, 205 F.3d 851, 857 n.8 (5th Cir. 2000) (quoting *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949)); *accord Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 397 (5th Cir. 2003); *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989); *Precision Drilling Co. v. Crum & Forster Ins. Co.*, No. 4:21-CV-00570, 2021 WL 4820670, at *2 (S.D. Tex. Oct. 15, 2021). The DJA "'enlarged the range of remedies available in the federal courts,' but it did not create a new right to seek those remedies." *Harris County v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)); *accord Marriott Int'l, Inc. v. Danna*, 772 F. App'x 42, 45 (5th Cir. 2019). The DJA, therefore, allows "relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked." *Textron Lycoming Reciprocating Engine Div. v. United Auto., Aerospace & Agric. Implement Workers of Am. Int'l Union*, 523 U.S. 653, 660 n.3 (1998) (quoting *Skelly Oil Co.*, 339 U.S. at 671-72); *accord Jacuzzi v. Pimienta*, 762 F.3d 419, 421 (5th Cir. 2014).

It is well established that the "determination of whether to grant declaratory relief is within the district court's discretion." *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 824 F.3d 507, 523 (5th Cir. 2016); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993), *cert. denied*, 511 U.S. 1004 (1994); *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). This discretion, however, is qualified by the proviso that a court must have a sufficient reason for declining to grant a declaratory judgment. *Mullen v. JPMorgan Chase Bank, N.A.*, 726 F. App'x 246, 247 (5th Cir. 2018); *Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 164 (5th Cir. 2015); *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001); *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994). In determining whether to grant a declaratory judgment, a court must act in accordance with the purposes of the DJA and the principles of sound judicial administration. *Sherwin-Williams Co.*, 343 F.3d at 389; *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (Fed. Cir. 1996), *cert. denied*, 519 U.S. 1101 (1997); *Trejo*, 39 F.3d at 590; *Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 555 (S.D. Tex. 2015). When considering a declaratory judgment action, a district court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co.*, 343 F.3d at 387; *accord Sasol N. Am., Inc. v. GTLPetrol, L.L.C.*, 682 F. App'x 312, 314 (5th Cir. 2017); *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000); *JMCB, LLC v. Bd. of Com. & Indus.*, 293 F. Supp. 3d 580, 597 (M.D. La. 2017).

Under the first prong, no declaratory judgment may issue unless there exists an "actual controversy." *Ironshore Specialty Ins. Co.*, 624 F. App'x at 163; *Orix Credit All., Inc.*, 212 F.3d at 895. The meaning of "actual controversy" for purposes of a declaratory judgment is identical

to the meaning of "case or controversy" under Article III of the United States Constitution. *Ironshore Specialty Ins. Co.*, 624 F. App'x at 163 (citing *Texas v. W. Publ'g Co.*, 882 F.2d 171, 175 (5th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990)); *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997). Thus, to obtain declaratory relief, the plaintiff must demonstrate that the "particular dispute is ripe for adjudication," meaning that "a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests." *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 924 (5th Cir. 2017) (quoting *Venator Grp. Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 838 (5th Cir. 2003)), *cert. denied*, 138 S. Ct. 747 (2018).

    C.    <u>Duty to Defend and Indemnify</u>

Under Texas law, which applies in this case,[3] "the duties to defend and indemnify 'are distinct and separate duties' and 'enjoy a degree of independence from each other.'" *Weeks Marine, Inc. v. Standard Concrete Prods., Inc.*, 737 F.3d 365, 369 (5th Cir. 2013) (quoting *D.R. Horton–Tex., Ltd. v. Markel Int'l Ins. Co., Ltd.*, 300 S.W.3d 740, 743 (Tex. 2009)); *accord State Farm Lloyds v. Richards*, 966 F.3d 389, 396 (5th Cir. 2020) (quoting *King v. Dall. Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002)); *Hartford Cas. Ins. Co. v. DP Eng'g, L.L.C.*, 827 F.3d 423, 430 (5th Cir. 2016); *Ewing Constr. Co., Inc. v. Amerisure Ins. Co.*, 420 S.W.3d 30, 33 (Tex. 2014). "Even if a liability insurer breaches its duty to defend, the party seeking indemnity still bears the burden of proving coverage if the insurer contests it." *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004); *accord United Fire & Cas. Co. v. Condeb, L.P.*, No. 5:14-CV-150, 2016 WL 1085230, at *6 (E.D. Tex. Feb. 22, 2016), *adopted by* 2016 WL 1077971 (E.D. Tex. Mar. 18, 2016).

---

[3] The parties do not dispute—and the court agrees—that Texas law applies in this diversity case. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938).

"[T]he duty to defend is broader than the duty to indemnify." *State Farm Lloyds*, 966 F.3d at 396 (quoting *Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998)); *see Weeks Marine, Inc.*, 737 F.3d at 369; *Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, 468 F.3d 857, 858 (5th Cir. 2006).  Even where an insurer is obligated to defend, it will not be required to indemnify an insured for losses that fall outside the scope of the policy. *State Farm Fire & Cas. Co. v. Brooks*, 43 F. Supp. 2d 695, 698 (E.D. Tex. 1998); *Greenwood Ins. Grp., Inc. v. U.S. Liab. Ins. Co.*, 157 S.W.3d 444, 451 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see Markel Am. Ins. Co. v. Verbeek*, 657 F. App'x 305, 311 (5th Cir. 2016) (noting that "[a]n insurer may have a duty to defend a lawsuit but may not have a duty to indemnify the insured") (quoting *Hartford Cas. Ins.*, 827 F.3d at 430).

In Texas, when determining an insurer's duty to defend an insured, the court follows the "eight corners" or "complaint allegation" rule. *Century Sur. Co. v. Seidel*, 893 F.3d 328, 333 (5th Cir. 2018); *Cont'l Cas. Co. v. Consol. Graphics, Inc.*, 646 F.3d, 210, 212-13 (5th Cir. 2011); *Trinity Universal Ins. Co.*, 592 F.3d 687, 691 (5th Cir. 2010); *Ewing Constr. Co., Inc.*, 420 S.W.3d at 33.  Under this rule, an insurer's duty to defend is determined by examining "the four corners of the most recent complaint in the underlying action as well as the four corners of the insurance policy." *Century Sur. Co.*, 893 F.3d at 333 (quoting *City of College Station v. Star Ins. Co.*, 735 F.3d 332, 336 (5th Cir. 2013)); *Harken Expl. Co. v. Sphere Drake Ins., PLC*, 261 F.3d 466, 471 (5th Cir. 2001); *accord State Farm Lloyds*, 966 F.3d at 392; *Cont'l Cas. Co.*, 646 F.3d at 213; *Trinity Universal Ins. Co.*, 592 F.3d at 691; *First Mercury Ins. Co. v. Gonzalez*, No. 7:14-CV-721, 2015 WL 12552010, at *5 (S.D. Tex. July 6, 2015) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006)); *Ewing Constr. Co., Inc.*, 420 S.W.3d at 33.  "If the underlying complaint pleads facts sufficient to create the *potential* of

7

covered liability, the insurer has a duty to defend the *entire* case, even if the allegations are demonstrably false, fraudulent, or groundless, and even if some of the injuries alleged are not covered or fall within the scope of an exclusion." *Century Sur. Co.*, 893 F.3d at 333 (quoting *City of College Station*, 735 F.3d at 336); *accord Trinity Universal Ins. Co.*, 592 F.3d at 691. If the complaint is unclear or ambiguous, or there is doubt whether an allegation states a cause of action within the coverage of a liability policy, the complaint is construed liberally in favor of the insured, and any doubt is resolved in favor of potential coverage. *Laney Chiropractic & Sports Therapy, P.A. v. Nationwide Mut. Ins. Co.*, 866 F.3d 254, 259 (5th Cir. 2017) (citing *Mid-Continent Cas. Co. v. JHP Dev., Inc.*, 557 F.3d 207, 212 (5th Cir. 2009)); *Trinity Universal Ins. Co.*, 592 F.3d at 691; *Ewing Constr. Co., Inc.*, 420 S.W.3d at 33.

"In reviewing the underlying pleadings, the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories advanced." *VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 457 (5th Cir. 2011) (quoting *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)); *accord United Fire & Cas. Co. v. Kent Distrib., Inc.*, 759 F. App'x 326, 330 n.2 (5th Cir. 2019); *Nat'l Union Fire Ins. Co. v. Willis*, 296 F.3d 336, 342 (5th Cir. 2002); *Ewing Constr. Co., Inc.*, 420 S.W.3d at 33. The court must ascertain whether the facts, as alleged, fall within the policy's coverage. *Ewing Constr. Co., Inc.*, 420 S.W.3d at 33; *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). In making this assessment, the court may not consider the truth or falsity of the allegations in the underlying pleadings. *Trinity Universal Ins. Co.*, 592 F.3d at 691; *First Mercury Ins. Co.*, 2015 WL 12552010, at *5 (citing *GuideOne Elite Ins. Co.*, 197 S.W.3d at 308); *Ewing Constr. Co., Inc.*, 420 S.W.3d at 33; *Zurich Am. Ins. Co.*, 268 S.W.3d at 491. Instead, all the facts alleged in the third party's complaint are assumed to be true. *Lincoln Gen.*

*Ins. Co. v. Reyna*, 401 F.3d 347, 350 (5th Cir. 2005); *Ewing Constr. Co., Inc.*, 420 S.W.3d at 33. Moreover, the insurance company's duty to defend is typically not affected by extrinsic evidence, including facts learned before, during, or after the suit. *Trinity Universal Ins. Co.*, 592 F.3d at 691; *Zurich Am. Ins. Co.*, 268 S.W.3d at 491; *Chapman v. Nat'l Union Fire Ins. Co.*, 171 S.W.3d 222, 226 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *but see Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 881 (Tex. 2020) (recognizing an exception to the eight-corners rule by allowing courts to consider extrinsic evidence regarding collusive fraud by the insured in determining the insurer's duty to defend). Even if the allegations in the third party's complaint are known or discovered to be untrue, an insurer that has contracted to defend must do so. *Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 447 (5th Cir. 2018); *Zurich Am. Ins. Co.*, 268 S.W.3d at 491; *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 24 (Tex. 1965).

The duty to defend does not arise, however, until a complaint alleging a potentially covered claim is tendered to the insurer. *Spec's Fam. Partners, Ltd. v. Hanover Ins. Co.*, 739 F. App'x 233, 238 (5th Cir. 2018); *Crocker v. Nat'l Union Fire Ins. Co.*, 466 F.3d 347, 356 n.9 (5th Cir. 2006) (citing *Royal Ins. Co. v. Hartford Underwriters Ins. Co.*, 391 F.3d 639, 644 (5th Cir. 2004)). The most recently amended complaint provided to the insurer is examined to ascertain the existence of such duty. *Century Sur. Co.*, 893 F.3d at 333 (quoting *City of College Station*, 735 F.3d at 336); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004); *Harken Expl. Co.*, 261 F.3d at 471. An insurer is obligated to defend an insured as long as the complaint alleges at least one cause of action within the scope of the policy. *See Century Sur. Co.*, 893 F.3d at 333 (quoting *City of College Station*, 735 F.3d at 336); *2200 W. Ala., Inc. v. W. World Ins. Co.*, 751 F. App'x 501, 504 (5th Cir. 2018); *Northfield Ins. Co.*, 363 F.3d at

9

528; *Lafarge Corp. v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 393 (5th Cir. 1995). "Even if the plaintiff's complaint alleges multiple claims or claims in the alternative, some of which are covered under the policy and some of which are not, the duty to defend arises if at least one of the claims in the complaint is facially within the policy's coverage." *Fed. Ins. Co. v. Northfield Ins. Co.*, 837 F.3d 548, 553 (5th Cir. 2016) (quoting *Lafarge Corp.*, 61 F.3d at 393); *Zurich Am. Ins. Co.*, 268 S.W.3d at 491. "If coverage exists for any portion of a suit, the insurer must defend the insured in the entire suit." *St. Paul Guardian Ins. Co. v. Centrum GS Ltd.*, 283 F.3d 709, 714 (5th Cir. 2002) (quoting *St. Paul Fire & Marine Ins. Co. v. Green Tree Fin. Corp.*, 249 F.3d 389, 391 (5th Cir. 2001)); *accord Century Sur. Co.*, 893 F.3d at 333 (quoting *City of College Station*, 735 F.3d at 336); *Harken Expl. Co.*, 261 F.3d at 474; *Zurich Am. Ins. Co.*, 268 S.W.3d at 491; *see Hartford Cas. Ins. Co.*, 827 F.3d at 427.

If a plaintiff's complaint does not allege facts within the scope of policy coverage, an insurer has no legal obligation to defend the insured against the plaintiff's claims. *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 535 (5th Cir. 2020); *Laney Chiropractic & Sports Therapy, P.A.*, 866 F.3d at 259 (citing *Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 472 (5th Cir. 2009)); *Cont'l Cas. Co.*, 646 F.3d at 213; *Ewing Constr. Co., Inc.*, 420 S.W.3d at 33. An insurer also does not have a duty to defend when the complaint makes allegations which, if proven, would place the plaintiff's claim within an exclusion from coverage. *Century Sur. Co.*, 893 F.3d at 333 (quoting *City of College Station*, 735 F.3d at 336); *Laney Chiropractic & Sports Therapy, P.A.*, 866 F.3d at 259 (citing *Ooida Risk Retention Grp., Inc.*, 579 F.3d at 472); *see Cont'l Cas. Co.*, 646 F.3d at 213; *Ewing Constr. Co., Inc.*, 420 S.W.3d at 33. The insurer is entitled to rely on the plaintiff's allegations in determining whether the facts are within the coverage of the policy. *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279

10

S.W.3d 650, 655 (Tex. 2009) (citing *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 829 (Tex. 1997)); *see Gonzalez v. Mid-Continent Cas. Co.*, 969 F.3d 554, 557 (5th Cir. 2020). While the plaintiff's allegations are to be construed liberally, if the complaint alleges only facts that are not within the scope of policy coverage or that are excluded by the terms of the policy, the insurer is not required to defend. *Century Sur. Co.*, 893 F.3d at 333 (citing *City of College Station*, 735 F.3d at 336); *Laney Chiropractic & Sports Therapy, P.A.*, 866 F.3d at 259 (citing *Ooida Risk Retention Grp., Inc.*, 579 F.3d at 472); *Zurich Am. Ins. Co.*, 268 S.W.3d at 491.

In contrast to the duty to defend, the duty to indemnify is not triggered by alleged facts asserted by a third party, but, rather, by actual, proven facts that underlie the dispute and result in liability. *Hartford Cas. Ins. Co.*, 827 F.3d at 430; *Weeks Marine, Inc.*, 737 F.3d at 369 (quoting *Guar. Nat'l Ins. Co. v. Azrock Indus. Inc.*, 211 F.3d 239, 243 (5th Cir. 2000)); *Trinity Universal Ins. Co.*, 592 F.3d at 691; *Northfield Ins. Co.*, 363 F.3d at 528-29; *D.R. Horton–Tex., Ltd.*, 300 S.W.3d at 744. As a result, "[u]nder Texas law, 'an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all.'" *Amerisure Ins. Co. v. Thermacor Process, Inc.*, No. 4:20-CV-01089-P, 2021 WL 1056435, at *9 (N.D. Tex. Mar. 19, 2021) (quoting *Colony Ins. Co. v. Peachtree Constr. Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011)).

Although the duty to indemnify typically cannot be determined until the facts in the underlying suit are established at trial, "an insurer can obtain a declaratory judgment on its duty to indemnify based only on the pleadings in the underlying suit if 'the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *Hartford Cas. Ins. Co.*, 827 F.3d at 430 (citing *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997)); *accord Markel Am. Ins. Co.*, 657 F. App'x at 311; *Weeks Marine,*

11

*Inc.*, 737 F.3d at 372 (quoting *Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir. 2008)). Hence, where there is no duty to defend, and no facts which could be developed at the trial of the underlying lawsuit to impose coverage, the insurer's duty to indemnify may be determined before trial because the same factors that negate an insurer's duty to defend an insured also negate any duty to indemnify. *Hartford Cas. Ins. Co.*, 827 F.3d at 430 (citing *Griffin*, 955 S.W.2d at 83-84); *Markel Am. Ins. Co.*, 657 F. App'x at 311; *Weeks Marine, Inc.*, 737 F.3d at 369; *Columbia Cas. Co.*, 542 F.3d at 111. Thus, while the duty to defend is broader than the duty to indemnify, the insurer owes neither duty to an insured when the types of claims made are specifically excluded from policy coverage. *Lincoln Gen. Ins. Co.*, 468 F.3d at 862; *W. Heritage Ins. Co. v. River Ent.*, 998 F.2d 311, 315 (5th Cir. 1993); *see Lafarge Corp.*, 61 F.3d at 393.

This exception, which is carved out in *Griffin*, is "fact-specific and cannot be construed broadly." *D.R. Horton–Tex., Ltd.*, 300 S.W.3d at 744; *AIG Prop. Cas. Co. v. Schultz*, No. CV H-20-3213, 2021 WL 185239, at *3 (S.D. Tex. Jan. 19, 2021). The Texas Supreme Court explained its reasoning behind the exception:

> In *Griffin*, the insurance policy covered bodily injury or property damage "for which any person becomes legally responsible because of an auto accident." *Griffin*, 955 S.W.2d at 82. Farmers sought a declaratory judgment that it had no duty to defend or indemnify its insured under the facts pled in a suit brought by the victim of a drive-by shooting. *Id.* at 81-82. This Court evaluated the duty to defend under the eight-corners rule and held that a drive-by shooting could not constitute an "accident" as contemplated by the language of the policy. *Id.* at 83. The Court then explained that the pleadings alleging that the plaintiff's injuries resulted from a drive-by shooting likewise negated "any possibility the insurer will ever have a duty to indemnify." *Id.* at 84. In other words, under the facts pled by the plaintiffs it would have been impossible for the insured defendant to show by extrinsic evidence that the loss fell under the terms of the policy. *See id.*

*Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 334 S.W.3d 217, 220 (Tex. 2011) (citing *Griffin*, 955 S.W.2d at 81-84).

In this instance, Seneca filed its declaratory judgment action before the Texas state court's determination of the Underlying Defendants' liability. Thus, under the general rule, this case is not ripe—and, therefore, not justiciable—unless the *Griffin* exception applies. Manuel argues that Seneca has failed to establish that the *Griffin* exception applies because Seneca has not negated its duty to defend the Underlying Defendants. The court concurs.

Here, Seneca has made no attempt to argue that it has no duty to defend the Underlying Defendants. Indeed, "[Seneca] is already providing the defense in the Underlying [Lawsuit], [and] it does not seek a declaration regarding its duty to defend" in the case before this court. *State Farm Mut. Auto. Ins. Co. v. Watkins*, No. A-15-CA-143-SS, 2015 WL 2364178, at *4 (W.D. Tex. May 14, 2015). In its response to the motion, Seneca asserts that if Manuel had not amended her petition, Seneca would have no duty to defend the Underlying Defendants. Seneca further admits that it amended its complaint in this action to "withdraw Count II concerning Seneca's lack of a duty to defend . . . under the *Loya* exception, so as to streamline the litigation and not burden the Court and the parties." Thus, Seneca also appears to "acknowledge[] the express language and scope of coverage of the Policy have been implicated by the Underlying [Lawsuit]." *Id.*; *see Solstice Oil & Gas I, L.L.C. v. Seneca Ins. Co.*, 655 F. App'x 221, 225 (5th Cir. 2016) (holding that there was a duty to defend where Seneca did not contest that it had such a duty, conceded that the duty to defend arose when the insured amended its complaint, and defended the insured in the underlying case subject to a reservation of rights).

Citing *Loya Insurance Company v. Avalos*, Seneca appears to ask the court to consider extrinsic evidence to determine that the *Griffin* exception applies. 610 S.W.3d at 878. In *Loya*, the Texas Supreme Court held that the eight-corners rule did not bar courts from considering extrinsic evidence regarding collusive fraud by the insured in determining the insurer's duty to

defend. *Id.* at 882.  The court reasoned that "an insurer owes no duty to defend when there is conclusive evidence that groundless, false, or fraudulent claims against the insured have been manipulated by the insured's own hands in order to secure a defense and coverage where they would not otherwise exist." *Nat'l Liab. & Fire Ins. Co. v. Young*, 459 F. Supp. 3d 796, 801 (N.D. Tex. 2020) (citing *Loya Ins. Co.*, 610 S.W.3d at 882).

To the extent Seneca argues that Manuel and the Underlying Defendants conspired to manipulate a groundless, false, or fraudulent claim against Seneca by amending the petition in the Underlying Lawsuit, the court is not persuaded.  Manuel's "artful pleading" does not give rise to the exception described in *Loya*. *Nat'l Liab. & Fire Ins. Co.*, 459 F. Supp. 3d at 801.  Rather, "[i]f [Seneca] 'knows [Manuel's] allegations [of negligence] to be untrue, its duty is to establish such facts in defense of its insured, rather than as an adversary in a declaratory judgment action.'" *See id.* (quoting *GuideOne Elite Ins. Co.*, 197 S.W.3d at 311).  Seneca also fails to provide "conclusive evidence" that any manipulation occurred.  *See id.* (quoting *Loya Ins. Co.*, 610 S.W.3d at 882); *Liberty Surplus Ins. Corp. v. Allied Waste Sys.*, 758 F. Supp. 2d 414, 420 (S.D. Tex. 2010) ("Artful pleading, absent evidence of collusion between the third-party claimant and the insured, does not create an exception to the general rule.").  Thus, the court will not consider evidence outside of the eight-corners rule, and the court's analysis of Seneca's duty to defend remains unchanged.  Simply put, Seneca has not "conclusively negated" its duty to defend the Underlying Defendants, resulting in the failure to satisfy the *Griffin* exception's first requirement. *AIG Prop. Cas. Co.*, 2021 WL 185239, at *4.

Because Seneca cannot establish that it has no duty to defend the Underlying Defendants, it cannot further prove that the same reasons that negate the duty to defend likewise negate any possibility it will ever have a duty to indemnify.  The court, therefore, concludes that the *Griffin*

14

exception does not apply in this instance. Seneca's duty to indemnify cannot be ascertained until the completion of the Underlying Litigation, and this case is not ripe for adjudication at this time.

In the alternative, Seneca asks the court to stay the case until the Underlying Litigation is complete. The court, however, declines to stay this action, finding that dismissal, rather than a stay, is proper. Accordingly, the court dismisses this action for lack of subject matter jurisdiction.

III.  Conclusion

Consistent with the foregoing, Manuel's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (#33) is GRANTED.

SIGNED at Beaumont, Texas, this 24th day of November, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE